UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SULLIVAN HOUSE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 1774 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| FEDERAL INSURANCE CO. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Sullivan House, Inc., a not-for-profit Alternative High School, brings this suit

against Defendant, Federal Insurance Co., ("Federal"), alleging that Federal wrongly refused to

defend and indemnify Sullivan House under insurance policies issued by Federal to Sullivan

House against two suits stemming from an alleged wrongful termination of a teacher by Sullivan

House. Both Federal and Sullivan House have moved for summary judgment.

### UNDISPUTED FACTS

Plaintiff, Sullivan House, is an Illinois not-for-profit corporation with its principal place

of business in Illinois. (Defendant's 56.1(a)(3) at ¶ 1.) Federal is an insurance company

incorporated in Indiana with its principal place of business in New Jersey. (Defendant's

56.1(a)(3) at ¶ 2.) Federal issued a not-for-profit organization liability policy of insurance to

Sullivan House, with a policy period from October 1, 2000 to October 2001, which was later

extended to cover through October 1, 2002 ("2001 Policy"). (Defendant's 56.1(a)(3) at ¶ 4.) The

2001 Policy covered Sullivan House for, among other things, all loss due to claims made during

the policy period for employment practices. (Defendant's 56.1(a)(3) at ¶ 5.) The 2001 Policy

included as insured persons all employees of Sullivan House. (Plaintiff's 56.1(a)(3) at ¶ 5.)

*The Richardson Suit*

On March 6, 2002, Myra K. Richardson filed a Charge of Discrimination with the Illinois

Department of Human Rights and with the Equal Employment Opportunity Commission,

alleging that she was terminated from her teaching position as a result of race discrimination by

her employer, Sullivan House. (Defendant's 56.1(a)(3) at ¶ 14.) On January 14, 2003,

Richardson filed a complaint against Sullivan House in the Circuit Court of Cook County,

Illinois, making the same allegations. (Defendant's 56.1(a)(3) at ¶ 15.) Richardson filed three

amended complaints, the most recent on June 3, 2004. (Defendant's 56.1(a)(3) at ¶ 18.) Federal

did not receive notice of Richardson's suit until September 20, 2004, when it received notice of

Richardson's Third-Amended Complaint. (Defendant's 56.1(a)(3) at ¶¶ 19, 21.) On November

12, 2004, Federal denied coverage for Sullivan House for the Richardson action based on

Sullivan House's failure to comply with the 2001 Policy's notice provisions. (Defendant's

56.1(a)(3) at ¶ 24.)

*The Nuzzo Suit*

Federal also issued a not-for-profit organization insurance policy to Sullivan House with

a policy period of October 1, 2006 to October 1, 2007 ("2006 Policy"). (Defendant's 56.1(a)(3)

at ¶ 25.) On November 6, 2006, Lynn Nuzzo, former school principal at Sullivan House, filed a

declaratory judgment claim against Sullivan House, seeking indemnification for her expenses

incurred as a party in defense of the Richardson action. (Defendant's 56.1(a)(3) at ¶ 31.) Federal

received notice of the Nuzzo action on January 2007. (Defendant's 56.1(a)(3) at ¶ 33.) On

February 27, 2007, Federal denied coverage for the Nuzzo action based on its position that the Nuzzo action is related to the Richardson action and that, therefore, under the terms of the 2006 Policy, the two matters constitute a single claim, first made on March 6, 2002, the date Richardson filed her charge of discrimination. (Defendant's 56.1(a)(3) at ¶ 35.)

On February 8, 2007, Sullivan House filed suit against Federal in the Circuit Court of Cook County, Illinois, seeking compensation for the Richardson and Nuzzo actions. (Defendant's 56.1(a)(3) at ¶ 34.) On March 30, 2007, Federal removed that action to this Court. (Defendant's 56.1(a)(3) at ¶ 36.)

## LEGAL STANDARD

Summary judgment is appropriate under Rule 56(c) when no genuine issue of material fact exists or when, drawing all factual inferences in favor of the nonmoving party, no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (*Liberty Lobby, Inc.*); *Popovits v. Circuit City Stores, Inc.,* 185 F.3d 726, 731 (7th Cir. 1999); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,* 40 F.3d 146, 150 (7th Cir. 1994). Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507-08 (7th Cir. 1992).

One of the "principal purposes" of awarding summary judgment is to "isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (*Celotex*). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court that there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine

3

issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Liberty Lobby, Inc.*, 477 U.S. at 254-56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

## ANALYSIS

The parties agree that Illinois law governs this case. It is undisputed that the Richardson Action alleged employment discrimination and that the policies Sullivan House purchased from Federal provide coverage for employment discrimination. The parties also agree that the Richardson and Nuzzo claims are related claims under the 2006 Policy and that, therefore, whether Federal is liable for the defense and the indemnification of the Nuzzo claim depends on Federal's liability on the Richardson claim. Thus, the central issue in this case is whether, under the 2001 Policy, Federal is obligated to defend and indemnify Sullivan House for the Richardson action.

Federal argues that it was not obligated to defend and indemnify Sullivan House for the Richardson action because Sullivan House failed to provide timely written notice, as required by the 2001 Policy. The 2001 Policy makes "written notice as soon as practicable" a condition precedent to coverage. Sullivan House did not provide written notice of the Richardson action to Federal until over two-and-one-half years had elapsed since Richardson's first claim. Thus, Federal argues, it was justified in refusing to defend Sullivan House in the Richardson action because a condition precedent to the coverage had not been satisfied. Sullivan House counters that Federal is estopped from asserting lack of timely notice as a defense to Sullivan House's claim because Federal refused to defend the action.

4

Under Illinois law, "when a complaint against the insured alleges facts within or potentially within the scope of the policy coverage, the insurer taking the position that the complaint is not covered by the policy must defend the suit under a reservation of rights or seek a declaratory judgment that there is no coverage." *State Farm Fire & Casualty Company v. Martin*, 186 Ill.2d 367, 271 (1999) (citing *Clemmons v. Travelers Insurance Co.*, 88 Ill.2d 469, 475 (1981)). An insurer that fails to take either of these two options is estopped from raising policy defenses to the coverage. *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill.2d 127, 150-51 (1999) (*Ehlco*). "Once the insurer breaches its duty to defend . . . the estoppel doctrine has broad application and operates to bar the insurer from raising policy defenses to coverage, even those defenses that may have been successful had the insurer not breached the duty to defend." *Ehlco*, 186 Ill.2d at 151-52.

In *Ehlco*, the Supreme Court of Illinois addressed the question of whether defenses based on failure to provide timely notice were an exception to the estoppel rule. *Ehlco*, 186 Ill.2d at 152. The court held that the estoppel doctrine applies to late-notice defenses: "If an insurer believes that it received notice too late to trigger its obligations, it should defend its insured under a reservation of rights or litigate the matter in a declaratory judgment action. *Ehlco*, 186 Ill.2d at 154.

Federal argues that timely notice from Sullivan House was a condition precedent to its duty to defend the Richardson action. Thus, Federal argues that it is not estopped from asserting a late-notice defense because its duty to defend under the 2001 Policy was never triggered. *See Ehlco*, 186 Ill.2d at 151 ("Application of the estoppel doctrine is not appropriate if the insurer

5

had no duty to defend, or if the insurer's duty to defend was not properly triggered.") However,

the Illinois Supreme Court rejected precisely this argument in *Ehlco*:

> "The decisions recognizing an exception [to the estoppel rule] for late-notice
> defenses reason that an insured's compliance with a notice provision in a liability
> insurance policy is a condition precedent to coverage. As a result, where the
> insured breaches the notice provision, that breach negates any duty to defend or
> indemnify on the insurer's part. Furthermore, because the duty to defend has been
> negated, the general rule estopping the insurer from denying coverage where it
> breaches the duty to defend does not apply. . . . We are not persuaded by this
> argument. To accept it would be to contradict long established law governing the
> insurer's duty to defend and the consequences of breaching that duty."

*Ehlco*, 186 Ill.2d at 153.

Thus, under Illinois law, Federal was required to either defend the Richardson

action under a reservation of rights or seek a declaratory judgment that there was no

coverage. It could not "simply abandon its insured" by refusing to provide a defense.

*Ehlco*, 186 Ill.2d at 154. Because it chose to deny coverage rather than opting for either

of the two permissible options, Federal is now estopped from asserting the defense of late

notice.

Federal argues that *Ehlco* applies only to occurrence policies, not to claims-made

policies, such as the 2001 Policy. Claims-made policies provide coverage for claims

made during the policy period; whereas, occurrence policies provide coverage for events

during the policy period even if the claims are not made until a later date. Seeking to

draw a distinction between the two types of policies, Federal points out that notice

requirements for claims-made policies are strictly enforced under Illinois law; whereas,

those of occurrence policies are not. While this may be true, it is irrelevant to the issue at

hand. The issue here is estoppel, not timely notice. *Ehlco* draws no distinction between

6

claims-made policies and occurrence policies, nor has Federal cited any case law supporting the view that the estoppel principles affirmed in *Ehlco* apply differently to the two types of policies.

Federal argues that even if Sullivan House is entitled to coverage for the Richardson action under the 2001 Policy, Federal should not be required to cover the defense expenses incurred by Sullivan House before Federal received written notice of the action. The 2001 Policy provides that Sullivan House should not incur any defense costs without Federal's written consent and that Federal is not liable for any defense costs to which it has not consented. This type of "voluntary payment" clause has been enforced by Illinois courts. *See Westchester Fire Insurance Co. v. G. Heileman Brewing Company, Inc.*, 321 Ill. App.3d 622, 637 (1st Dist. 2001) (*Westchester Fire*). However, under Illinois law, to avoid responsibility for pre-notice defense costs due to a breach of such a clause, the insurer must show that it was prejudiced by the breach. *Westchester Fire*, 321 Ill. App.3d at 637. Here, Federal has made no such showing. Furthermore, Federal's refusal to provide a defense means it is estopped from asserting any policy defenses, "even those defenses that may have been successful had the insurer not breached its duty to defend." *Ehlco*, 186 Ill.2d at 151-52.

Because Federal is responsible for coverage of the Richardson action, it is also liable for coverage of the Nuzzo action. The Nuzzo action seeks indemnification for expenses incurred by Nuzzo in defense of the Richardson action. Under the terms of the 2001 Policy, Federal was required to provide coverage for Sullivan House employees.

Thus, as a Sullivan House employee, Nuzzo's defense and defense costs in the

Richardson action were Federal's responsibility.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

(1)     Sullivan House's motion for summary judgment is granted.  Federal's

motion for summary judgment is denied;

(2)     The 2001 Policy provides coverage to Sullivan House with respect to the

Richardson and Nuzzo Actions; Federal shall defend and indemnify

Sullivan House for the Nuzzo Action;

(3)     Federal shall pay Sullivan House the cost of defense arising from the

Richardson Action and the cost of defense to date in the Nuzzo Action.

This case is set for status on February 26, 2008, at 9:00 a.m., at which time

Sullivan House may raise the issue of the award of attorney's fees and costs against

Federal.

Dated: February 7, 2008

JOHN W. DARRAH
United States District Court Judge